UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| JOHN WESTLEY, | Case No. 14-CV-5002 (PJS/BRT) |
| Plaintiff, | |
| v. | ORDER |
| HENRY L. BRYANT; MINNESOTA ATTORNEY GENERAL OFFICE; FLORIDA ATTORNEY GENERAL OFFICE; JOHN GARRY; KATHLEEN L. GEARIN; MIAMI DADE COUNTY; JAMES ROBERT MANN; MITCHELL P. KORUS; DANIELLE MANN; LAUREL M. ISICOFF; DYLAN PUKEL; LAWRENCE ALLEN SCHWARTZ; BEATRICE A. BUTCHKO; JENNIFER VICIEDO RUIZ; JENNIFER D. BAILEY; VICTORIA LYNN PLATZER; BAYVIEW LOAN SERVICING LLC; CHICAGO TITLE INSURANCE; KIMBERLY S. LECOMPTE; RICHARD I. KORMAN; BRAD HERMAN TRUSHIN; SAPIENT CORPORATION; STARBUCKS CORPORATION; HBA INSURANCE INC.; 605 LINCOLN ROAD OFFICE CONDOMINIUM ASSOCIATION; RHONDA MONTOYA; PIERO FILPI; JAMES KOREIN; DIANE V. WARD; FIDELITY & DEPOSIT COMPANY OF MARYLAND; HAROLD ROSEN; and STINSON LEONARD STREET, | |
| Defendants. | |

Plaintiff John Westley is an abusive litigant who harasses people by filing frivolous lawsuits against them and then, when judges dismiss those lawsuits, harasses the judges by filing lawsuits, complaints, and motions against them. This litigation is typical. Westley filed a frivolous lawsuit against the defendants and, after the undersigned dismissed the lawsuit on the recommendation of Magistrate Judge Becky R. Thorson, Westley retaliated by filing a frivolous lawsuit against Judge Thorson and the undersigned.

Westley has also filed motions for the undersigned to be disqualified. Westley alleges that the undersigned has "financial dealings" with Faegre Baker Daniels, a law firm that represents one of the defendants in this action. Westley's allegation is false; the undersigned has no financial dealings whatsoever with Faegre Baker Daniels.[1] Westley also argues that the undersigned should recuse himself because Westley filed a lawsuit against the undersigned. But a litigant cannot force a judge's recusal by filing frivolous lawsuits, complaints, motions, and the like. *See Proctor v. Engstrom*, 95 F. App'x 192, 194 (8th Cir. 2004) (unpublished) (per curiam) ("district judge is not

---

[1] Westley has filed as an exhibit a copy of the undersigned's Financial Disclosure Report for Calendar Year 2009, presumably because it refers to two "Faegre & Benson Retirement Accounts." ECF No. 298. Westley fails to mention, however, that those accounts were closed long before Westley filed this lawsuit. Moreover, even if those accounts were still open, they would not require the disqualification of the undersigned, as those accounts (which were similar to individual retirement accounts) were not controlled by or in any way affected by the fortunes of the law firm.

disqualified merely because litigant files complaint alleging judicial misconduct; if that were rule, litigants could manipulate system by filing frivolous complaints in hopes of being assigned judge more sympathetic to their cause" (citing *In re Mann*, 229 F.3d 657, 658 (7th Cir. 2000))). Finally, Westley alleges that the undersigned has demonstrated personal bias against him. But the only evidence of such bias that Westley has cited is the fact that the undersigned dismissed his lawsuit, and "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994).

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, plaintiff John Westley's "Motion for Extension of Time to File Notice of Appeal" [ECF No. 300] and "Second Motion for Disqualification of Judge Schlitz [sic]" [ECF No. 301] are DENIED.

Dated: June 11, 2015                    s/Patrick J. Schiltz
                                         Patrick J. Schiltz
                                         United States District Judge